---

### Ex parte O'HARE et al.

(District Court, W. D. New York. June 18, 1909.)

CRIMINAL LAW (§ 97*)—JURISDICTION—LOCALITY OF OFFENSE—"HIGH SEAS."

The government breakwater in Lake Erie at the port of Buffalo, two miles from shore, but not connected therewith, does not so inclose the waters between that and the shore as to constitute a haven or harbor, or take such waters out of the designation of "high seas," as used in Rev. St. 5346 (U. S. Comp. St. 1901, p. 3630); and under such section an assault with a dangerous weapon committed on a vessel in such waters is within the jurisdiction of the United States courts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 184; Dec. Dig. § 97.*

For other definitions, see Words and Phrases, vol. 4, pp. 3287–3289.]

Habeas Corpus.

George H. Kennedy, for petitioners.

John Lord O'Brian, U. S. Atty.

HAZEL, District Judge. This is the return of writs of habeas corpus granted on application of the petitioners, who are charged with having committed an offense on the high seas, in violation of Rev. St. §§ 5346, 5361, and 5362 (U. S. Comp. St. 1901, pp. 3630,

3640), and Act Sept. 4, 1890, c. 874, 26 Stat. 424 (U. S. Comp. St. 1901, p. 3627). The petitioners contend that this court has no jurisdiction of the offense, in that the waters upon which the alleged crime was committed are not within the designation of "high seas" as provided in said statutes, and that the vessel at the time of the assault was not bound on a voyage. In United States v. Rodgers, 150 U. S. 249, 14 Sup. Ct. 109, 37 L. Ed. 1071, it was definitely decided that under the designation of "high seas" Congress intended to include "the open, uninclosed waters of the Great Lakes."

The question presented on this application is whether the maintenance of the government breakwater, which is parallel with the shore at the port of Buffalo and within a two-mile belt thereof, so inclosed the waters of Lake Erie that a haven or harbor, as that term is ordinarily understood, was created, and accordingly that this court is without jurisdiction of the offense prohibited by section 5346 of the Revised Statutes of the United States. By said section it is substantially provided that United States courts have jurisdiction of assaults committed on board vessels upon the high seas, even though committed within the jurisdiction of a particular state; but if the offense was committed in any arm of the sea, or in any river, haven, creek, basin, or bay within the jurisdiction of a particular state, then the United States courts have not the power or authority to try the offender. As Lake Erie is concededly a high sea, and a continuous highway over which the largest commerce-carrying vessels are navigated between different states and nations, I have no difficulty in reaching the conclusion that the lake is not separated by the construction of the breakwater parallel with the shore; nor does such construction, even though the waters between it and the land are used as a haven or harbor for the anchorage of vessels, deprive this court of jurisdiction. The breakwater is not connected with the mainland, but is entirely surrounded by water and attached to the bottom of a navigable portion of the lake. It has no connection whatever with the shore land, and the water between the breakwater and the shore is not in any sense landlocked, and therefore, in my judgment, such waters remain within the designation of high seas.

Having reached this conclusion, it is unnecessary to examine the amendatory act of September 4, 1890, which extended the jurisdiction of the federal courts to vessels upon a voyage upon the waters of the Great Lakes.

The writs of habeas corpus are dismissed.